UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHAUNCEY PHILLIPS** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 16-16551** |
| | * | |
| **CORRECT CARE SOLUTIONS, INC** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. R. Doc. 8. Plaintiff opposes the motion. R. Doc. 10. The Court scheduled the Motion for oral argument, but Plaintiff's counsel failed to appear for the hearing. Thus, the Court took the matter under consideration on the briefs. Having reviewed the parties' arguments and the applicable law, the Court now issues this Order & Reasons.

**I.  BACKGROUND**:

This personal injury case involves a dispute over damages that Plaintiff seeks as a result of injuries he allegedly suffered while working in Orleans Parish Prison. Plaintiff filed his Petition in Civil District Court in New Orleans on July 25, 2016. R. Doc. 1 at 1. Defendant timely removed the matter to federal court, and argues this Court has diversity jurisdiction pursuant to 28 U.S.C. 1332. R. Doc. 1 at 2. Plaintiff is a Louisiana citizen, while Defendant, Correct Care Solutions, LLC ("Defendant") is a Kansas corporation with its principal place of business in Nashville, Tennessee. R. Doc. 1 at 3.

Plaintiff alleges that while employed as a Sheriff's Deputy in Orleans Parish, he was assigned to oversee the inmates on the D-3 and D-4 tiers of the Orleans Parish Prison. R. Doc. 1-1 at 2. Defendant was the independent medical provider who managed the inmates' medical treatment. R. Doc. 1-1 at 3. Plaintiff alleges that on the day of his injury, Defendant asked him to

bring designated inmates to the medical unit, despite the fact it was the medical deputy's responsibility to complete these transfers. R. Doc. 1-1 at 3. While transferring these inmates, Plaintiff contends he injured his knees and back because he had to repeatedly go up and down the stairs from the tiers to the medical unit. R. Doc. 1-1 at 3.

According to Plaintiff, his injuries were a direct result of Defendant's negligence, including its failure to use reasonable care, properly train its staff, or modify its demands based on the limited staff at the prison. R. Doc. 1-1 at 4. Plaintiff claims he sustained severe and disabling injuries to his knees and back, and seeks to recover damages for past, present, and future pain and suffering, mental anguish and emotional distress, medical expenses, lost wages and loss of earning capacity, as well as any other losses that are proven at trial. R. Doc. 1 at 2.

## II.  PRESENT MOTION

Defendant moves to dismiss Plaintiff's claim against Correct Care Solutions under Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff's petition fails to state a cognizable claim. R. Doc. 8 at 1. Defendant avers that Plaintiff's claim is based on the solely on the fact Defendant asked him to escort an inmate to the medical unit, and that these allegations do not state a claim for a breach of any duty the Defendant owed Plaintiff. R. Doc. 8 at 1. Thus, Defendant contends Plaintiff's claims must be dismissed with prejudice. R. Doc. 8 at 1.

### A. Defendant Correct Care Solution's Motion to Dismiss (R. Doc. 8)

Defendant argues it did not breach any duty it could have possibly owed to Plaintiff. R. Doc. 8-1 at 1. Defendant reports that according to Plaintiff, he was working as an Orleans Parish Sheriff's Deputy when Defendant asked him to bring certain inmates to the medical unit. R. Doc. 8-1 at 1. Defendant admits that Plaintiff indicated the medical deputy should complete the transfers, but maintains Plaintiff "voluntarily transported inmates to the medical area." R. Doc. 8-1 at 1. Defendant avers Plaintiff was not required or compelled to make this transfer, and any

2

alleged injury to his back and knees from going up and down the stairs was not the result of the Defendant's alleged negligence. R. Doc. 8-1 at 2.

Defendant argues that Plaintiff's claim does not meet Louisiana's duty-risk requirements for negligence. R. Doc. 8-1 at 3. According to Defendant, to prevail on a negligence claim Plaintiff must demonstrate "(1) the conduct in question is a cause-in-fact of the alleged harm; (2) the defendant owed a duty to the plaintiff; (3) the defendant breached that duty; and (4) the risk and harm caused were within the scope of protection afforded by the duty breached." R. Doc. 8-1 at 3 (citing *Millet v. Treasure Chest Casino L.L.C.*, 00-1843 (La. App. 5 Cir. 5/30/01), 788 So. 2d 713, 715). Defendant contends Plaintiff cannot meet any of these elements.

First, Defendant argues it was not Plaintiff's employer and did not have any other relationship with him that would create any duty under Louisiana law. R. Doc. 8-1 at 4 (citing *Palermo v. Port of New Orleans*, 2004-1804 (La. App. 4 Cir. 3/15/06), 933 So.2d 168, 176) (holding non-employer did not have duty to provide employee a safe workplace). Plaintiff does not allege Defendant acted with willful or wanton negligence, or created an unsafe workplace. Thus, he cannot demonstrate Defendant owed any duty to Plaintiff. R. Doc. 8-1 at 4. Second, Defendant argues that even if it somehow owed Plaintiff a duty, Plaintiff has not made any allegations that Defendant breached that duty. R. Doc. 8-1 at 5.

Third, if there was no duty, or in the alternative, that duty was never breached, Plaintiff cannot demonstrate the alleged harm was within the scope of protection the duty provided. R. Doc. 8-1 at 4 (citing *Brodnax v. Foster*, 47,079 (La. App. 2 Cir. 4/11/12), 92 So.3d 427, 433 ("[R]isk may not be within the scope of a duty where the circumstances of the particular injury to the plaintiff could not be reasonably foreseen or anticipated, because there was no ease of association between that risk and the legal duty."). Finally, Defendant avers that Plaintiff's injuries were not foreseeable as a result of Defendant's request asking Plaintiff to help walk

3

inmates to the medical unit. R. Doc. 8-1 at 5. Because Plaintiff has not pled facts which entitle him to relief, Defendant argues that his claims against it should be dismissed.

### B. Plaintiff's Response (R. Doc. 10)

Plaintiff timely responds and objects to Defendant's motion on the grounds that Defendant "had a responsibility to assign a designated medical deputy" to assist with transferring inmates to the medical units. R. Doc. 10 at 1. Plaintiff alleges that he was a correctional officer, who did not have experience transferring inmates. R. Doc. 10 at 1. He alleges "but for" Defendant's request, he would not have been injured. R. Doc. 10 at 1.

### III. LAW AND ANALYSIS

#### A. Failure to State a Claim under 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal

conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### B. Discussion

Here, Plaintiff's claims sound in negligence. Thus, to survive a motion to dismiss, Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for [negligence]." *Ashcroft*, 556 U.S. at 678. A federal court sitting in diversity must apply the substantive law of the state in which it sits. *See Erie v. Tompkins*, 304 U.S. 64, 71–77 (1938). Thus, the law of the state of Louisiana is the substantive law applicable to this negligence claim.

To establish Defendant's negligence under Louisiana law Plaintiff must show that 1) the defendant was the cause-in-fact of the resulting harm; 2) the defendant owed a duty of care to the plaintiff; 3) defendant breached that duty; and 4) the risk of harm caused was within the scope of protection afforded by the duty breached. *See Peterson v. Gibraltar Savings & Loan*, 733 So. 2d 1198, 1203-04 (La. 1999).

The Court finds that Plaintiff has failed to demonstrate Defendant owed him any duty beyond "reasonable care under the circumstances." Because this was the only duty Defendant owed, it did not breach this duty by asking Plaintiff, a Sheriff's Deputy, to help escort inmates to the medical unit—particularly in light of the fact Plaintiff was escorting inmates from the tiers he had already been assigned to monitor. Further, Plaintiff has failed to demonstrate Defendant was the cause-in-fact of the resulting harm, even under the more lenient standard of 12(b)(6). Defendant asked Plaintiff—a Sheriff's Deputy who had been assigned to monitor two tiers of inmates—to walk up and down some stairs. It is not foreseeable that he would suffer debilitating injuries to his back and knees as a result of that request. Because Plaintiff has not stated a claim to relief that is plausible on its face, Defendant's motion is **GRANTED**, and Plaintiff's claims against Defendant Correct Care Solutions shall be dismissed with prejudice.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim, R. Doc. 8, is hereby **GRANTED**.

New Orleans, Louisiana, this 25th day of January, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE